ROBERT F. MUNOZ (RFM-5193)
**LOMURRO DAVISON EASTMAN & MUNOZ P.A.**
Monmouth Executive Center
100 Willow Brook Road
Freehold, New Jersey 07728
(732) 462-7170
Attorneys for Plaintiff
First Avenue Realty, LLC

|  |  |
|---|---|
| FIRST AVENUE REALTY, LLC,<br><br>    Plaintiff<br><br>    vs.<br><br>THE CITY OF ASBURY PARK, a municipal corporation and ASBURY PARTNERS, LLC, a New Jersey Limited Liability Company,<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff, First Avenue Realty, LLC, with offices at P.O. Box 660, Lakewood, New Jersey 08701, by way of Complaint, says:

### JURISDICTION AND VENUE

1. This is an action for compensatory and exemplary relief as well as equitable relief pursuant to Title 42 U.S.C. §1983, §1985 and §1988 and arising out of the provisions of the United States Constitutions and the laws of the United States as more fully set forth herein.

2.    This Court has original jurisdiction over the matter pursuant to 28 U.S.C. §1331 because this matter is one under Federal Question Jurisdiction.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

4.    The Plaintiff, First Avenue Realty, LLC, is a limited liability company organized and existing under the laws of the State of New Jersey with its principal place of business at P.O. Box 660, Lakewood, New Jersey 08701.

5.    The Defendant, City of Asbury Park ("City") is a municipal corporation organized and existing under the laws of the State of New Jersey with a principal place of business at One Municipal Plaza, Asbury Park, New Jersey.

6.    The Defendant, Asbury Partners, LLC ("Asbury Partners"), is a limited liability company of the State of New Jersey with offices at 511 Ocean Avenue, P.O. Box 80, Lakewood, New Jersey 08701.

## FIRST COUNT

7.    The City of Asbury Park is a municipal corporation of the State of New Jersey located in the County of Monmouth. Founded in 1873, the City went through a decline in the mid-1950s and 1960's after having been a commercial center.

8.  In 1984, the City commissioned an investigation to determine whether its waterfront district would qualify for urban renewal.  On August 1, 1984, the City passed a resolution that approved a Planning Board recommendation that the waterfront was "blighted."

9.  In the following November, the City adopted an ordinance approving a redevelopment plan (the "1984 Plan").  The plan was essentially a housing based plan to conserve and enhance existing residential areas.  It called for private property to be publicly acquired if rehabilitation plans did not materialize.

10.  In August 1986, the City signed an agreement with a developer to implement the development called for in the 1984 Plan.  The plan did not go forward because of a sewer moratorium and a national recession.

11.  The City amended its redevelopment plan in April 1991 (the "1991 Plan").  As a result of the decline of housing demand in the City, the 1991 Plan called for an expansion of entertainment uses.  The 1991 Plan provided that private owners were permitted to develop their properties themselves.  The 1991 Plan further provided that if a private property owner developed their property consistent with the redevelopment plan the City would not exercise eminent domain to acquire the property.  The redeveloper under the 1991 Plan if unable to acquire property

through negotiation was assured that the City was prepared to negotiate to purchase private property and exercise eminent domain, if necessary.

12.   The 1991 Plan was not successful.  The developer filed bankruptcy in 1992 and all work in the redevelopment area was halted.   The then designated redeveloper, Carabetta Enterprises, Inc. and Joseph F. Carabetta filed a Petition for Relief under Chapter 11 of the United States Bankruptcy Code in 1992.   On September 19, 1997, the Bankruptcy Court entered an Order confirming the Third Amended Plan for reorganization of Carabetta Enterprises, Inc.

13.   The Bankruptcy Court entered a Consent Order authorizing and approving the sale of real properties and redevelopment rights owned by Ocean-Mile Development Group, a limited partnership affiliated with Carabetta Enterprises, Inc. The Consent Order approved and authorized certain transactions between Ocean-Mile, the City of Asbury Park and others for the conveyance of the real estate and redevelopment rights owned by Ocean Mile to M.D. SASS Municipal Finance Partners III L.P. ("SASS") and Ocean Front Acquisitions, L.L.C. ("Ocean Front"), a New Jersey limited liability company, as well as other relief. The Consent Order also authorized transactions set forth in a Memorandum of Understanding ("MOU") which designated Ocean Front and SASS as "Master Developer" for the redevelopment area.

14.   Ocean Front Properties and SASS were the predecessors to Asbury Partners, the Defendant herein, as the designated "Master Developer."

15.   The Agreement reinstated all the development rights to the Master Developer as assigned by Carabetta.  It provided the City and the Master Developer would collaborate and produce an Amended Development Plan and a new Redevelopment Plan by December 28, 2001.  Following the execution of the MOU the Master Developer and the City retained experts in planning redevelopment and other disciplines to further the development and clear and demolish some of the structures in the redevelopment area.

16.   Asbury Partners succeeded to and had assigned to it all the rights, powers and interest as "Master Developer" from the predecessor companies Ocean Front and SASS.

17.   The City adopted a Waterfront Redevelopment Plan that had been submitted for its review by Ordinance #2607 on June 5, 2002.  ("The Plan").  As a result, the City and the Master Developer entered into an Amended and Restated Developer and Land Disposition Agreement (hereinafter the "Agreement"), dated October 28, 2002.

18.   The Defendant Asbury Partners, pursuant to the Agreement, was designated as the Master Developer with the rights to acquire and clear land for subsequent redevelopment by

other qualified developers known as "subsequent developers." The Master Developer as part of its role charges an "infrastructure assessment" against subsequent developers as a "fee" for the overall infrastructure and utility improvements to be constructed by the Master Developer in the redevelopment area. The Master Developer is responsible for the infrastructure improvement with the subsequent developers being responsible for the payment of fees as modified by Article VII of the Agreement.

19. As defined by the Agreement, subsequent developers, purchasers, assignees or transferees of the Master Developer's possessive rights, interest and/or title in part of the project, are subject to provisions of the Agreement and the Redevelopment Plan.

20. Pursuant to Article VII, a subsequent developer's responsibility is to repair or construct all utility components required including, but not limited electrical lines, sewer laterals and storm lateral lines, cable and telephone communications within the curb to service each block.

21. Under the Agreement, the Master Developer is required in its contract with any subsequent developer to mandate the subsequent developer abide by and adhere to the Redevelopment Plan and Redevelopment Agreement.

22. As a quid pro quo for the rights given to the Master Developer, the City has agreed not to negotiate or entertain any other redeveloper or developer in the redevelopment area, unless it is a subsequent developer who has entered into a contract with the Master Developer or with its consent.

23. Plaintiff is the owner of real property known as 213-215 First Avenue in the City of Asbury Park, County of Monmouth and State of New Jersey, which property is also designated as Block 159, Lot 17 on the City's Tax Map ("the Property").

24. A multi-family apartment building consisting of 32 units is located on the Property.

25. The Property is located in the City's Waterfront Redevelopment zone. According to the Redevelopment Plan, the Property is located in the prime renewal area.

26. On or about April 2008, only 19 of the 32 units in the structure located on the Property were occupied. The remaining 13 units were vacant. The Plaintiff applied for and obtained certain permits to (1) rehabilitate the bathrooms including replacing plywood and sheetrock, (2) replace the building's siding and windows, (3) repair the wall in the rear of the building including the removal of sheetrock and replacement of any deficient studs, headers or plywood, (4) re-energize the electrical service to the building, (5) a plumbing permit to install a new water shutoff valve and replace and repair the

roof. As part of the process the Plaintiff also obtained three zoning permits for interior renovations, siding and roofing repairs.

27. On June 4, 2008, a tarp placed by the Plaintiff's contractor on the roof of the building as a part of the roof repairs flew off during a rain storm resulting in significant flooding in the building. The building was evacuated and the tenants relocated.

28. On June 5, 2008, the City held a "non-fit hearing" at the City Hall to determine whether the building was still habitable. After hearing the testimony of various officials, the Property was determined to be unfit for human habitation, occupancy or use. The determination order prohibited any occupation of the building without obtaining a new certificate of occupancy.

29. On or about August 4, 2008, the City's construction official performed an unrequested inspection of the Property and alleged the Plaintiff was performing renovations and repairs that went beyond the scope of the work authorized by the Plaintiff's permits. As a result, a stop work order was issued prohibiting the Plaintiff from performing any additional work beyond the roofing, plumbing and siding authorized by the previous permits. The order further provided that the Plaintiff

would have to submit detailed plans and specifications before going forward.

30. Plaintiff filed no appeal of the findings of the construction official to the Board of Construction Appeal. Rather, the Plaintiff sought to file the plans and specifications. The Plaintiff also applied to the City's zoning officer for a new zoning permit. The application sought approval to undertake repairs and renovations that resulted from the damage to the building.

31. On August 20, 2008, the City's Zoning Officer, Barbara Van Wagner, issued a letter denying the Plaintiff a zoning permit.

32. Van Wagner had determined the proposed work constituted "redevelopment" under the New Jersey Local Redevelopment Housing Act N.J.S.A. 40A:12A-3, thus Plaintiff required subsequent developer approval under the City's 2002 Plan and the Agreement with Asbury Partners. The City took the position the Plan prohibited the property owners from within the prime renewal area from "redeveloping" their own properties.

33. Van Wagner's denial letter advised the Plaintiff of a right to file an appeal to the City's Zoning Board of Adjustment in order to appeal the issue of whether or not her decision was appropriate. Plaintiff initially filed such an appeal, but it was withdrawn by Plaintiff's counsel at the time.

34. On October 6, 2008, the Plaintiff filed a Complaint in Lieu of Prerogative Writs in the Superior Court of New Jersey, *First Avenue Realty, L.L.C. v. City of Asbury Park and Asbury Partners*, Docket No. MON-L-4635-08 ("State Action").

35. Thereafter, the defendants in the State Action took the position that the Complaint should be dismissed for the failure of the Plaintiff to exhaust its administrative remedies, to wit: application to the Board of Construction Appeals, to the Zoning Board regarding the determination of whether or not the Plaintiff constituted a redeveloper or entry of an agreement as a subsequent developer.

36. On July 15, 2009, the parties entered into a Consent Order dismissing the Complaint without prejudice in order for the Plaintiff to follow the administrative procedures required under the ordinance of the City, as well as the Amended and Restated Developer and Land Disposition Agreement.

37. Upon dismissal of the Complaint, the first issue that was identified to be resolved between the parties was the negotiation of "subsequent developer" under the Amended and Restated Developer and Land Disposition Agreement.

38. Over a period of three months, representatives on behalf of the Plaintiff engaged in discussions with Asbury Partners regarding a potential payment to Asbury Partners as a basis for the entry into an agreement deeming the Plaintiff to

be subsequent developer under the ordinances of the City and the Plan. The upshot of the negotiations was that Asbury Partners demanded the Plaintiff to pay the amount $600,000.00 up front towards improvements that will not be constructed by Asbury Partners for ten (10) years at best. The amount demanded was more than the total equity of the Plaintiff in its property. The Plaintiff had offered to pay approximately $150,000.00 over a period of ten (10) years.

39. The Plaintiff inquired of the City of Asbury Park concerning what procedures needed to be followed for resolution of the impasse that it had come to with Asbury Partners. The Plaintiff was advised that there was no process for resolving the issues either through a hearing or arbitration. In essence, there was no right of appeal short of litigation.

40. Asbury Partners' demands were not economically nor legally rational.

41. In the absence of an agreement with Asbury Partners, the Plaintiff's damaged and uninhabitable structure cannot be fixed and re-inhabited. The Plaintiff has no remedy available of any kind administratively under the ordinances of the City of Asbury Park, the laws of the State of New Jersey, nor under the Amended and Restated Developer and Land Disposition Agreement.

42. The Defendant, Asbury Partners, has refused to negotiate in good faith and deal fairly with the Plaintiff under

the Amended and Restated Redeveloper and Land Disposition Agreement.

43. As a result of the actions of the Defendant Asbury Partners, the Plaintiff has no remedy and Asbury Partners, as the agent of the City of Asbury Park and the Defendant, City of Asbury Park, have taken the Plaintiff's property without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, paragraphs 1 and 20 of the Constitution of the State of New Jersey.

**WHEREFORE**, the Plaintiff demands judgment:

A. Declaring the ordinances of the City of Asbury Park establishing Asbury Partners as the Redeveloper and the Amended and Restated Redeveloper and Land Disposition Agreement as administered by the City and Asbury Partners, to be unconstitutional, unlawful and void;

B. Compensatory and punitive damages;

C. Temporary and permanent injunction against the City of Asbury Park from enforcing the ordinances and the Agreements requiring the Plaintiff to be a subsequent developer;

D. Attorneys' fees and costs of suit; and

E. Such other relief as the Court may deem appropriate.

## SECOND COUNT

44. Plaintiff repeats and re-alleges each and every allegation of the FIRST COUNT and incorporates same herein as if fully set forth herein at length.

45. The actions of the City of Asbury Park in adopting the Plan and the ordinance thereunder as amended from time to time fails to permit any viable development of Plaintiff's property.

46. Plaintiff has invested in the property at a level commensurate with reasonable expectations that the property could be developed for residential density similar to that which existed before the damage to Plaintiff's building.

47. The actions of the Defendants have denied any economical viable use of the property in relation to reasonable expectations of the property owner that the property could be developed for the purposes set forth above. By demanding payments in excess of the equitable value of the property, the Defendants have prevented the Plaintiff from earning a reasonable return on its investment commensurate with its reasonable investment expectations.

48. As a result thereof, the Plaintiff's property has been taken without just compensation resulting in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, paragraphs 1 and 20 of the Constitution of the State of New Jersey.

**WHEREFORE,** the Plaintiff demands judgment:

A.   Declaring the ordinances of the City of Asbury Park establishing Asbury Partners as the Redeveloper and the Amended and Restated Redeveloper and Land Disposition Agreement as administered by the City and Asbury Partners, to be unconstitutional, unlawful and void;

B.   Compensatory and punitive damages;

C.   Temporary and permanent injunction against the City of Asbury Park from enforcing the ordinances and the Agreements requiring the Plaintiff to be a subsequent developer;

D.   Attorneys' fees and costs of suit; and

E.   Such other relief as the Court may deem appropriate.

**THIRD COUNT**

49.   Plaintiff repeats each and every allegation of the FIRST and SECOND COUNTS and incorporates same herein as if fully set forth herein at length.

50.   The actions of the Defendants in failing to agree to a reasonable or even rational amount of infrastructure payments in order for Plaintiff to be designated as a "subsequent developer" has frustrated the Plaintiff in its attempts to develop its property in accordance with the use of the property prior to its damage and in accordance with reasonable investment expectations.

51. The Plaintiff has been blocked by the failure of the Defendants to approve it as subsequent developer.

52. The Defendants actions have irreversibly deprived the Plaintiff of the fair rental value of its property for a period equal to the amount of time from the failure of the City of Asbury Park to act on its application in 2008 to the time of relief ordered by this Court without just compensation as required by Fifth and Fourteenth Amendments to the United States Constitution.

53. As a result, there has been a taking of said property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, paragraphs 1 and 20 of the Constitution of the State of New Jersey.

54. Plaintiff has and continues to suffer damages.

**WHEREFORE,** the Plaintiff demands judgment:

A. Declaring the ordinances of the City of Asbury Park establishing Asbury Partners as the Redeveloper and the Amended and Restated Redeveloper and Land Disposition Agreement as administered by the City and Asbury Partners, to be unconstitutional, unlawful and void;

B. Compensatory and punitive damages;

C. Temporary and permanent injunction against the City of Asbury Park from enforcing the ordinances and the Agreements requiring the Plaintiff to be a subsequent developer;

D. Attorneys' fees and costs of suit; and

E. Such other relief as the Court may deem appropriate.

## FOURTH COUNT

55. Plaintiff repeats each and every allegation of the FIRST, SECOND and THIRD COUNTS and incorporates same herein as if fully set forth herein at length.

56. Defendants, City of Asbury Park and Asbury Partners have as their purpose, design and intention in connection with their failure to meet and approve the Plaintiff as a subsequent developer, limited the subject property from being utilized in accordance with the private purpose without condemning said property.

57. It is the design and intent of Asbury Partners, as a Master Developer with powers to cause the exercise of Eminent Domain, to take the Property without compensation so that it can utilize same for redevelopment without paying the fair market value for same.

58. The plan, purpose and intent of the Defendants was and is substantially to reduce the value of the subject property or to prevent its redevelopment.

59.  The  Plaintiff  is  without  any  remedy  under  the ordinances,  plans,  the  Master  Agreement  of  the  City  of  Asbury Park or the laws of the State of New Jersey.

60.  The Defendants, individually and in concert, have acted in  bad  faith,  vexatiously  and  wantonly  and  for  oppressive reasons injuring and interfering with the Plaintiff's rights of due  process,  equal  protection  of  the  law,  in  violation  of  42 U.S.C. §1983 and §1985.

61.  Plaintiff  has  and  continues  to  suffer  damages  as  a result of Defendant's actions.

**WHEREFORE**, the Plaintiff demands judgment:

A.  Granting affirmative relief to permit plaintiff to continue  to  develop  its  property  in  accordance  with  the  plans previously filed and to enjoin the appropriate officials of the City  of  Asbury  Park  from  refusing  to  issue  the  appropriate permits both as a preliminary injunction and/or entry of final injunction in this matter;

B.  Compensatory and punitive damages;

C.  Attorneys' fees under § 1988; and

D.  Such other relief as the Court may deem appropriate.

## FIFTH COUNT

62. Plaintiff repeats each and every allegations of the FIRST, SECOND, THIRD, and FOURTH COUNTS and incorporates same herein as if fully set forth herein at length.

63. In taking the actions set forth above, Defendants have treated Plaintiff's property differently from other similarly situated properties.

64. The Defendants have worked with other property owners in order to have them designated as subsequent developers.

65. The actions of the Defendants with regard to this Plaintiff were motivated by personal, political or economic animus against the Plaintiff in violation of the equal protection laws of the United States in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C §1983 and §1985.

WHEREFORE, the Plaintiff demands judgment:

A. Declaring the actions of the Defendants in restricting development of Plaintiff's property as violating the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 and §1985;

B. Ordering the processing of Plaintiff's application in accordance with the plan submitted to the City of Asbury Park;

C. Compensatory and punitive damages;

D.   Attorneys' fees and costs of suit; and

E.   Any and all such other relief as the Court may deem proper.

### SIXTH COUNT

65.   Plaintiff repeats each and every allegation of the FIRST, SECOND, THIRD, FOURTH and FIFTH COUNTS and incorporates same herein as if fully set forth herein at length.

66.   The Agreement between the City of Asbury Park and the Asbury Partners provides for the development of properties by subsequent developers who are owners or developers of other properties within the Plan.  The Plaintiff is an owner of property within the planned area seeking to repair and improve their property which constitutes a potential subsequent developer under said agreement.

67.   The provisions of the Agreement clearly require that Defendant Asbury Partners to enter into agreements with potential subsequent developers and that given its position as a Master Developer with the municipality requires that such negotiations and agreements be based upon good faith and fair dealings.

68.   The Plaintiff as a potential subsequent developer is a third party beneficiary of the agreement.

69.   The failure of the Defendant to act in good faith and to deal fairly with the Plaintiff constitutes a breach of the

agreement to which the Plaintiff is a third party beneficiary. As a result of the failure to act in good faith and to deal fairly with the Plaintiff, the Plaintiff is a third party beneficiary of the agreement between the City of Asbury Park and the defendants has and will suffer injuries and losses and incur damages.

WHEREFORE, the Plaintiff demands judgment:

A.  Declaring the actions of the Defendants in restricting development of Plaintiff's property as violating the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983;

B.  Ordering the processing of Plaintiff's application in accordance with the plan submitted to the City of Asbury Park;

C.  Compensatory and punitive damages;

D.  Attorneys' fees and costs of suit; and

E.  Any and all such other relief as the Court may deem proper.

## SEVENTH COUNT

70.  Plaintiff repeats each and every allegation of the FIRST, SECOND, THIRD, FOURTH, FIFTH AND SIXTH COUNTS and incorporates same herein as if fully set forth herein at length.

71.  By virtue of the agreement between the City of Asbury Park and the Defendant Asbury Partners as Master Developer, all

rights and obligations under the agreement and the ability to develop within the redevelopment area is subject to the agreement. The Defendants have sought to interfere with Plaintiff's lawful use of its property through the entry and enforcement of the agreement.

72. The attempt to prevent the Plaintiff's proper use of its property including but not limited to the refusal to negotiate fairly and in good faith and to issue the appropriate permits to execute an agreement as a subsequent development constitutes a conspiracy and unlawful interference with the rights of the plaintiff.

73. By virtue of this unlawful interference conspiracy, the Plaintiff has suffered damages and continues to suffer damages by its inability to rehabilitate its structures and have same occupied. Instead, the plaintiff has been forced to pay all of the carrying costs of said property including any mortgage and/or taxes.

WHEREFORE, the Plaintiff demands judgment:

A. Declaring the actions of the Defendants in restricting development of Plaintiff's property as violating the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 and §1985;

        B.    Ordering the processing of Plaintiff's application in accordance with the plan submitted to the City of Asbury Park;

        C.    Compensatory and punitive damages;

        D.    Attorneys' fees and costs of suit; and

        E.    Any and all such other relief as the Court may deem proper.

### EIGHTH COUNT

74. Plaintiff repeats each and every allegation of the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH AND SEVENTH COUNTS and incorporates same herein as if fully set forth herein at length.

75. The Defendant's conspiracy to unreasonably deny the Plaintiff the ability to use its property to rehabilitate and occupy its property in a lawful manner directly interferes with Plaintiff as a potential competitor to the Master Developer based upon the actions set forth above. The actions of the Defendants in providing an appearance that they would enter into subsequent developer's agreements constitutes a sham as well as the denial of the Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983 and 42 U.S.C. §1985.

WHEREFORE, the Plaintiff demands judgment:

A. Declaring the actions of the Defendants in restricting development of Plaintiff's property as violating the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 and §1985;

B. Ordering the processing of Plaintiff's application in accordance with the plan submitted to the City of Asbury Park;

C. Compensatory and punitive damages;

D. Attorneys' fees and costs of suit; and

E. Any and all such other relief as the Court may deem proper.

## NINTH COUNT

76. Plaintiff repeats each and every allegation of the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH and EIGHTH COUNTS and incorporates same herein as if fully set forth herein at length.

77. The ordinance of the City of Asbury Park and the agreement between the City of Asbury Park and the Master Developer Asbury Partners has no provision for relief from the failure of Asbury Partners to enter into or to negotiate in good faith a subsequent developer agreement.

78. The Plaintiffs have incurred damages as a result of the Defendant's conduct. The Plaintiff has been deprived of its property without due process of law guaranteed by the Fifth and

Fourteenth Amendments to the United States Constitution. The Defendants have acted in bad faith, vexiously and wantonly for oppressive reasons and interfering with the Plaintiff's rights of due process and thereby Plaintiff is entitled to recover damages.

79. The actions of the defendants constitute a violation of U.S.C. §1983 and §1985.

WHEREFORE, the Plaintiff demands judgment:

A. Declaring the actions of the Defendants in restricting development of Plaintiff's property as violating the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983 and §1985;

B. Ordering the processing of Plaintiff's application in accordance with the plan submitted to the City of Asbury Park;

C. Compensatory and punitive damages;

D. Attorneys' fees and costs of suit; and

E. Any and all such other relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Lomurro, Davison, Eastman & Munoz, P.A.
Attorneys for Plaintiff

By: s/ Robert F. Munoz, Esq.
ROBERT F. MUNOZ (RFM-5193)

Dated: December 14, 2009

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

s/ Robert F. Munoz, Esq.

ROBERT F. MUNOZ (RFM-5193)