UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FIRST AVENUE REALTY, LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 09-6321 (JAP) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| THE CITY OF ASBURY PARK, et al. | : | |
| | : | |
| Defendants. | : | |

PISANO, District Judge.

This action brought by plaintiff First Avenue Realty, LLC, ("Plaintiff") against the City of Asbury Park (the "City"), Asbury Partners LLC ("Partners") and iStar Financial Inc. ("iStar", collectively with the City and Partners, "Defendants") arises in connection with Plaintiff's desire to repair and/or renovate a multi-family apartment building located in the City's redevelopment zone. Presently before the Court are motions by Defendants to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and a motion by Plaintiff for leave to file a Second Amended Complaint. The Court decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, Defendants' motions to dismiss are granted, and Plaintiff's motion to amend is denied.

I. BACKGROUND

A. Procedural History

Plaintiff initiated this action in December 2009 and shortly thereafter filed its Amended Complaint. The Defendants responded at that time by moving to dismiss the Amended

Complaint. D.I. 14 and 15. The parties then began working together in an attempt to reach an amicable resolution of the matter, and the Defendants' motions were denied without prejudice to being renewed if a settlement could not be reached. D.I. 20 and 21. In April 2011 the matter was stayed and administratively terminated while the parties continued to work to resolve the dispute. D.I. 28. Unfortunately, the parties' settlement efforts were not fruitful, and by letter dated December 3, 2012 Plaintiff advised the Court that it wished to reopen the case. D.I. 33. The Court lifted the stay and reopened the matter on January 4, 2013. D.I. 35. Several months later, the instant motions followed.

B. Facts Alleged[1]

Plaintiff is the owner of a multi-family apartment building located at 213-215 First Avenue in Asbury Park, New Jersey. This property is located within the City's Waterfront Redevelopment Zone, which is governed by the City's Waterfront Redevelopment Plan (the "Plan") adopted by the City's Ordinance No. 2607, as well as the Amended and Restated Redeveloper and Land Disposition Agreement dated October 28, 2002 between the City and Partners. According to the Redevelopment Plan, the property is located in the prime renewal area. Plaintiff's apartment building consists of 32 units, 19 of which were occupied at the time relevant to this matter.

In or about April 2008, Plaintiff applied for and received permits to do work on the building, including replacing plywood and sheetrock in bathrooms, replacing siding and windows, repairing a wall in the rear of the building, re-energizing the electrical service,

---

[1] Unless otherwise noted, the facts recited herein are derived from Plaintiff's Amended Complaint (D.I. 2) and are presumed to be true for the purposes of this motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."). They do not represent the factual findings of the Court.

installing a new water shutoff valve, and replacing/repairing the roof. On June 4, 2008, while repairs were underway, a tarp that was placed on the roof of Plaintiff's building blew off during a rainstorm, which resulted in significant flooding and damage to the building. The building was evacuated and the tenants were relocated.

On June 5, 2008, the City held a hearing to determine whether the building was still habitable, and the property was determined to be unfit for habitation. An order was issued prohibiting occupancy of the building until a new certificate of occupancy is obtained.

On or about August 4, 2008, a construction official from the City inspected Plaintiff's property and found that Plaintiff was performing renovations and repairs that went beyond the scope of the work authorized by the permits. A stop work order was issued, and Plaintiff was prohibited from performing any additional work beyond the roofing, plumbing and siding authorized by the previous permits. The order also required Plaintiff to submit detailed plans and specifications before continuing.

Plaintiff did not appeal the City's stop work order and instead sought to file the required plans and specifications, and also applied for a new zoning permit. The new application sought to undertake repairs and renovations necessary as a result of the storm damage to the building. The City denied the application on August 20, 2008. In denying the application, the City determined that the proposed work constituted "redevelopment" under the New Jersey Local Redevelopment Housing Act, N.J.S.A. 40A:12A-3, and therefore Plaintiff would be required to obtain "subsequent developer" status under the Plan.

The denial letter from the City advised Plaintiff of its right to file an appeal to the City's zoning board of adjustment. Plaintiff filed such an appeal, but later withdrew it. Subsequently, on October 6, 2008, Plaintiff initiated an action in the Superior Court of New Jersey captioned

3

*First Avenue Realty, LLC v. City of Asbury Park*, et al., Docket No. MON-L-4635-08. Plaintiff, however, conceded that it failed to exhaust its administrative remedies, and on July 15, 2009, the parties entered into a consent order dismissing the complaint without prejudice.

Plaintiff then entered into negotiations with Partners to become a subsequent developer. The parties were unable to reach an agreement, and Plaintiff accuses Partners of failing to negotiate in good faith. Plaintiff alleges that in the absence of an agreement with Partners, its building remains damaged and uninhabitable.

The Amended Complaint contains nine counts. In the first count, Plaintiff alleges that it has no remedy to resolve the impasse with Partners and, consequently, its property was taken without just compensation in violation of the Fifth and Fourteenth Amendments. The second count alleges that the City has unconstitutionally denied Plaintiff any economically viable use of his property. In the third count, Plaintiff asserts that Defendants, in failing to reach an agreement permitting Plaintiff to be designated a subsequent developer, have unconstitutionally deprived Plaintiff of the fair rental value of its property. The fourth count alleges that the alleged taking of Plaintiff's property violates 42 U.S.C. § 1983 and § 1985. The fifth count alleges that Defendants' actions violated Plaintiff's right to equal protection under the Fourteenth Amendment. In the sixth count, Plaintiff alleges that it is a third party beneficiary to the Agreement between the City and Partners and that Partners has breached that agreement by failing to "act in good faith and to deal fairly" with Plaintiff. The seventh count alleges that defendants conspired to restrict the use of Plaintiff's property, thereby "violating the Fourteenth Amendment." In count eight, Plaintiff alleges that the "actions of the Defendants in providing an appearance that they would enter into subsequent developer's agreements constitutes a sham as well as a denial of Plaintiff's rights under the Fifth and Fourteenth Amendments." Am. Compl.

at ¶ 78.  In the ninth count is a claim under § § 1983 and 1985 alleging a due process violation based upon an alleged lack of a provision in the Agreement for relief from the failure of the parties to reach a subsequent developer agreement.  Plaintiff seeks various declaratory, injunctive and monetary relief.

Plaintiff has moved to file a second amended complaint, seeking to add three new causes of action.  The first new count alleges violation of New Jersey's Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1, et seq.  The next alleges violation of New Jersey's Municipal Land Use law, N.J.S.A. 40:55D-1, et seq.  The last alleges that Defendants' redevelopment activity has caused a decrease in the fair market value of Plaintiff's property, and Plaintiff seeks to recoup that lost value.

II.  DISCUSSION

A.  Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed for "failure to state a claim upon which relief can be granted."  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plausibility standard is

5

not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to ... state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi,* 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In deciding a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents ." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

B.  Jurisdiction and Ripeness

Section 1331 of Title 28 of the United States Code grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Similarly, section 1343 grants

> original jurisdiction of any civil action authorized by law to be commenced by any person ... [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]

28 U.S.C. § 1343(a)(3).  It is a generally accepted principle that, if a complaint alleges federal civil rights claims under 42 U.S.C. § 1983, then the Court has original jurisdiction pursuant to 28

6

U.S.C. §§ 1331 and 1343. *See, e.g., Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir. 2003).

Moreover, in a civil action over which a district court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the district courts retain discretion to

> decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Further, because "a case and controversy is a prerequisite to all federal actions," a cause of action must meet the ripeness doctrine, which "determines when a proper party may bring an action ." *Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322-23 (3d Cir.1998) (internal quotation marks omitted). The ripeness doctrine "prevent[s] federal courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* at 323 (internal quotation marks omitted). A presumption arises that "federal courts lack jurisdiction unless the contrary appears affirmatively from the record[, and i]t is the plaintiffs' responsibility to clearly allege facts that invoke the court's jurisdiction." *Id.* (internal quotation marks omitted). Moreover, "'considerations of ripeness are sufficiently important that [courts] are required to raise the issue *sua sponte* even though the parties do not.'" *County Concrete Corp. v.*

7

*Roxbury*, 442 F.3d 159, 163-64 (3d Cir. 2006) (quoting *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 (3d Cir. 1988)).

In the context of claims asserted under the Takings Clause of the Fifth Amendment (a "Just Compensation Takings claim") "'if a State provides an adequate procedure for seeking just compensation,' the plaintiff must have exhausted this procedure in order for his or her [Just Compensation] Takings claim to be ripe for federal adjudication." *Id.* at 167-68 (quoting *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194-95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)). Although "there is no requirement that a plaintiff exhaust administrative remedies before bringing a § 1983 action[,]" the requirement that a plaintiff exhaust state procedures established for seeking just compensation "addresses a unique aspect of Just Compensation Takings claims." *Id.* at 168 (internal quotation marks omitted). That is, "[b]ecause the Fifth Amendment bars not just the taking of property, but the taking of property without just compensation, a plaintiff cannot claim a violation of the Just Compensation Clause until he or she has exhausted a state's procedure for seeking just compensation." *Id.* (internal quotation marks omitted); *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 290 (3d Cir. 2001) ("The Supreme Court has recognized that just compensation need not be paid in advance of the taking -- all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking." (internal quotation marks omitted)).

C.  Analysis

To determine whether the Court maintains jurisdiction over this cause of action, the Court must consider whether Plaintiff's Amended Complaint adequately alleges federal civil rights claims under 42 U.S.C. §§ 1983.[2] *See, e.g., Estate of Smith*, 318 F.3d at 505. Section 1983 itself

---

[2] Section 1983 states in relevant part: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person

8

is not a source of substantive rights, but provides a vehicle for vindicating the violation of rights created by the United States Constitution or federal law. *See Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 907 (3d Cir.1997). Moreover, the "under color of state law" element of section 1983 is similar to the state action requirement of the Fourteenth Amendment in that it excludes merely private conduct from the parameters of section 1983. *See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Ultimately, "[t]o establish a section 1983 civil rights claim, a plaintiff must demonstrate that the conduct complained of was committed by a person acting under state law and that the conduct deprived him of rights, privileges or immunities secured by the Constitution." *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994) (internal quotation marks omitted).

1. Federal Law Claims

Although Plaintiff's complaint is not the most artfully drafted, the federal claims that can be construed in the multi-count complaint are Just Compensation Takings claims, equal protection claims, and due process claims, both procedural and substantive. Turning first to the Just Compensation Takings claims, to assert such a claim in a federal district court, a plaintiff must first exhaust state procedures established for seeking just compensation. As noted above, under the *Williamson* ripeness test, "if a State provides an adequate procedure for seeking just compensation," the plaintiff must have exhausted this procedure in order for his or her Takings claim to be ripe for federal adjudication. *Williamson*, 473 U.S. at 194-95, 105 S.Ct. 3108. The Third Circuit has recognized that, for example, an inverse condemnation proceeding is a constitutionally adequate procedure for obtaining just compensation. *Brubaker v. East*

---

within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

*Hempfield Twp.*, 234 Fed. Appx. 32, 36 (3d Cir. 2007). Also, in *SB Bldg. Associates, L.P. v. Borough of Milltown,* 457 Fed. Appx. 154, 157-158, 2012 WL 104883, *3 (3d Cir. 2012), the court noted

> New Jersey provides an avenue of redress for property owners seeking just compensation. According to the Appellate Division of the New Jersey Superior Court, 'an appropriation of property by a governmental entity or private corporation having the power of eminent domain without its having undertaken to condemn or pay compensation for the taking, can be redressed by the owner's action in the nature of Mandamus to compel institution of condemnation proceedings.'") (quoting *In re Jersey Cent. Power & Light Co.*, 166 N.J.Super. 540, 400 A.2d 128, 129 (1979)).

Here, Plaintiff has utterly failed to seek any compensation through any procedures available from the state. As Plaintiff itself notes in its complaint, although Plaintiff initiated certain state proceedings, it failed to follow through with them. Plaintiff filed but withdrew its appeal from the decision by the City's zoning officer that Plaintiff's proposed repairs constituted "redevelopment" under New Jersey's Local Redevelopment Housing Act, N.J.S.A. 40A:12A-3. Am. Comp. ¶ 34. Shortly after withdrawing that appeal, Plaintiff filed a Complaint in Lieu of Prerogative Writs in the Superior Court of New Jersey against Defendants. *See First Avenue Realty LLC v. City of Asbury Park*, Docket No. MON-L-4635-08. That action, however, was dismissed by consent order based upon Plaintiff's "failure to exhaust administrative remedies." Oxman Cert. Ex. A. Plaintiff then attempted to negotiate to become a subsequent developer. However, when the parties could not reach an agreement, Plaintiff did not attempt to exercise any of the avenues available to it under state law to obtain compensation for the resulting alleged taking Plaintiff claims occurred. Having failed to do so, Plaintiff's Just Compensation Takings claims are simply not ripe for this Court's review.

For similar reasons, Plaintiff's due process claims also fail. The substantive component of the Due Process Clause of the Fourteenth Amendment bars "arbitrary, wrongful government

actions 'regardless of the fairness of the procedures used to implement them.'" *Leamer v. Fauver*, 288 F.3d 532, 546 (3d Cir. 2002). To prevail on such a claim, a plaintiff must establish that he has a protected property interest and that a governmental actor's behavior in depriving him of that interest was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 427 (3d Cir. 2003) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). To state a claim for a violation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.' " *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).

In land-use cases, substantive and procedural due process claims are subject to a "finality rule." *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292 (3d Cir. 1993); *see also Williamson*, 473 U.S. at 199. The relevant authorities "must fully and finally determine, whether, and to what extent, a deprivation has occurred before a federal claim is mature." *Taylor*, 983 F.2d at 1293; *see also Williamson*, 473 U.S. at 200. Consequently, until Plaintiff undertakes and completes the process for seeking relief under state law, Plaintiff cannot establish that Defendants' violated its rights under the Due Process Clause. *See Taylor*, 983 F.2d at 1292.

Finally, Plaintiff's equal protection claims also must be dismissed. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (citing *Plyler v. Doe*, 457 U.S. 202,

216, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1267 (3d Cir.1996). Its purpose "is to secure every person ... against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Thus, a Plaintiff may assert a "class of one" equal protection claim "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* With respect to "class of one" claims, the Court of Appeals for the Third Circuit has held:

> Our court has not had the opportunity to consider the equal protection "class of one" theory at any length. From the text of *Olech* itself, however, it is clear that, at the very least, to state a claim under that theory, a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment.

*Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). To survive dismissal, a "class of one" claim need not "name names" of persons who have been treated differently; however, "general accusations and the invocation of the Equal Protection Clause are not enough." *See Phillips v. County of Allegheny*, 515 F.3d 224, 243–246 (3d Cir. 2008). Here, with regard to Plaintiff's equal protection claims, the Amended Complaint contains little more than "general accusations" and invokes the Equal Protect Clause. This is not sufficient, and Plaintiff's claims, consequently, are dismissed.

2. State Law Claims

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (citation and

12

internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir.1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *Gibbs*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284–1285. In this case, the Court is dismissing each of Plaintiff's federal law claims and, therefore, to the extent that Plaintiff's Amended Complaint can be construed as asserting claims under state law, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

D. Motion to Amend

Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004). Therefore, motions to amend should be liberally granted, absent substantial prejudice, unless "denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiencies by amendments previously allowed or futility of amendment." *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir.1994) (internal citation omitted). In light of the Court's decision as set forth above, the Court finds that the

13

proposed amendments to the complaint (i.e., the addition of three state law claims), would be futile. Consequently, Plaintiff's motion to amend is denied.

III. CONCLUSION

For the reasons above, Defendants' motions to dismiss are granted. Plaintiff's motion to amend is denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
Joel A. Pisano, U.S.D.J.

Dated: October 31, 2013